UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re the Application of U-TREND NEW YORK
INVESTMENTS L.P., through its General Partner    Case Number: 14-MC-00143
Manhattan Building Project N.Y. Management Ltd.,

For an Order to Take Discovery Pursuant

To 28 U.S.C. § 1782(a)

------------------------------------------------------------X

## MS. BRURIA M. SINGER'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH SUBPOENA DUCES TECUM

**JS BARKATS PLLC**
*Attorneys for Ms. Bruria M. Singer*
18 East 41st Street, 14th Floor
New York, New York 10017
(646) 502-7001

To:   Terence K. McLaughlin
      Morrison Cohen LLP
      *Attorneys for U-Trend New York Investments L.P.*
      909 Third Avenue
      New York, New York 10022-4784
      (212) 735-8600

## TABLE OF CONTENTS

UNITED STATES DISTRICT COURT .................................................................................. 1

SOUTHERN DISTRICT OF NEW YORK ........................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENTS ........................................................................................................................ 1

POINT I .................................................................................................................................. 1

THE SUBPOENA IS PATENTLY DEFECTIVE AND
MUST BE QUASHED AS A MATTER OF LAW ............................................................... 1

    A.  U-Trend Has Failed To Provide Required Notice of the Subpoena: ................. 1

    B.  The Subpoena Served Was Not the Subpoena Authorized: ............................... 3

POINT II ................................................................................................................................ 4

A PROTECTIVE ORDER IS REQUIRED SINCE U-
TREND CANNOT FORCE MS. SINGER TO STEAL
BOOKS AND RECORDS IN THE POSSESSION
AND CONTROL OF THIRD PARTIES ............................................................................... 4

CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

Boatright v. Radiation Sterilizers, Inc., 592 F. Supp. 1314,
12 OSHC (BNA) 1091 (D. Colo. 1984) ................................................................................ 5

Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D.
622, 10 Fed.R.Serv.3d (Callaghan) 719 (D. Mass. 1988) .................................................... 5

Ghawanmeh v. Islamic Saudi Acad., 274 F.R.D. 329, 79
Fed.R.Serv.3d (Callaghan) 980 (D.D.C. 2011) .................................................................... 5

Hajjar-Nejad v. George Wash. Univ., 2012 U.S. Dist.
LEXIS 65146, 2012 WL 1655724 (D.D.C. 2012) ........................................................... 4, 5

In re Anglin, 2009 U.S. Dist. LEXIS 112866, 2009 WL
4739481 (D. Neb. 2009) ....................................................................................................... 2

In re Letter of Request from Supreme Court, 138 F.R.D.
27, 1991 U.S. Dist. LEXIS 8968 (S.D.N.Y. 1991) ............................................................... 2

Okubo v. Reynolds (In re Letters Rogatory from the Tokyo
Dist. Prosecutor's Office), 16 F.3d 1016, 28 Fed. R. Serv.
3d (Callaghan) 200 (9th Cir. 1994) ...................................................................................... 2

**Statutes**

28 U.S.C. § 1782 ............................................................................................................ 1, 2, 3

Fed.R.Civ.Pro Rule 45 ....................................................................................................... 2, 3

Ms. Bruria M. Singer respectfully submits this Memorandum of Law in support of her motion to the Subpoena Duces Tecum, dated May 12, 2014 served upon Ms. Singer, and granting Ms. Singer a protective order.[1]

## STATEMENT OF FACTS

A complete statement of relevant facts is contained in the accompanying Affidavit of Ms. Singer and the accompanying Affirmation of Marc Jonas Block, and is hereby incorporated by reference.

## ARGUMENTS

### POINT I

### THE SUBPOENA IS PATENTLY DEFECTIVE AND MUST BE QUASHED AS A MATTER OF LAW

**A.  U-Trend Has Failed To Provide Required Notice of the Subpoena:**

It is respectfully submitted that U-Trend's failure to provide any notice of the Subpoena to U.S. Suite LLC or any other adverse party to the Israeli Action requires the quashing of the Subpoena.

U-Trend brought the current special proceeding for authorization to seek limited discovery in New York in furtherance of litigation in Israel pursuant to 28 U.S.C. § 1782. On May 9, 2014, this Court granted the Ex Parte application of U-Trend for authority to serve specific subpoenas *duces tecum* upon three parties: (1) Stroock Stroock & Lavan LLP, (2) Mayer Hoffman McCann CPAs, and (3) Ms. Singer. (*See* Ex Parte Order, EXHIBIT A).

---

[1] The defined terms found in the accompanying Affidavit of Ms. Singer are incorporated hereto and made a part herein of this Memorandum of Law.

1

Notwithstanding that the discovery sought in the Southern District of New York is directly relevant to the Israeli Action, no notice of either the Ex Parte Order or the Subpoena were provided to U.S. Suites LLC or any other party adverse to U-Trend in the Israeli Action.

The failure of U-Trend to provide notice of the subpoenas and the Ex Parte Order is directly in violation of civil procedure requirements. This Court held in In re Letter of Request from Supreme Court, 138 F.R.D. 27, 1991 U.S. Dist. LEXIS 8968 (S.D.N.Y. 1991) that the assistance of foreign courts under 28 U.S.C. § 1782 must to be in conformity with the Federal Rules of Civil Procedure. In Letter of Request, the Court suppressed depositions held pursuant to subpoenas issued under 28 U.S.C. § 1782 without service to opposition parties. *See also* Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office), 16 F.3d 1016, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. 1994) (Circuit court admonished and tried to fashioned remedy when applicant improperly failed to serve subpoena issued pursuant to 28 U.S.C. § 1782 on opposition to foreign litigation and received evidence in violation of notice provisions of the Federal Rules of Civil Procedure. 16 F.3d at 1021); In re Anglin, 2009 U.S. Dist. LEXIS 112866, 2009 WL 4739481 (D. Neb. 2009) (Ex parte application for discovery pursuant to 28 U.S.C. § 1782 improper since applicant sought to withhold subpoenas from adverse party in foreign litigation).

There is no question that the Federal Rules of Civil Procedure require that notice of subpoenas served upon third parties must be furnished to adverse parties to litigation. Fed.R.Civ.Pro Rule 45 states:

> "Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

2

Fed.R.Civ.Pro Rule 45(a)(4).

The requirement of notice to adverse parties of subpoenas issued pursuant to 28 U.S.C. § 1782 is proper policy of ensuring compliance with due process and ensuring that foreign litigants are not abusing the court system in the United States.

Since U-Trend failed and refused to provide notice of the Subpoena and Ex Parte Order to U.S. Suite LLC or any other adverse party to the Israeli Action, the Subpoena must be quashed.

**B.     The Subpoena Served Was Not the Subpoena Authorized:**

It is further respectfully submitted that the Subpoena is subject to quashing for being substantively different than that authorized by the Court in the Ex Parte Order.

Rather than serve the draft subpoena authorized by this Court May 9, 2014, U-Trend served a different subpoena upon Ms. Singer. The draft subpoena regarding Ms. Singer attached to the application and *Ex Parte* Order contained **three** document demands. (*See* EXHIBIT A). The actual Subpoena served upon Ms. Singer contained **six** document demands. (*See* EXHIBIT B). Clearly the Subpoena served was not the Subpoena authorized.

U-Trend abused the limited authority granted by this Court. U-Trend cannot unilaterally expand the limited scope of subpoena authorized for service by this Court on May 9, 2014 (EXHIBIT A).

It is respectfully submitted that the Subpoena should be quashed for exceeding the expressed and limited authority provided in the Ex Parte Order.

3

## POINT II

## A PROTECTIVE ORDER IS REQUIRED SINCE U-TREND CANNOT FORCE MS. SINGER TO STEAL BOOKS AND RECORDS IN THE POSSESSION AND CONTROL OF THIRD PARTIES

Ms. Singer respectfully seeks a protective order in light of the fact that she does not have any responsive documents in her personal possession, and should not be required to engage in theft of a party never served with notice of the Ex Parte Order or Subpoena.

The Subpoena was addressed to "Ms. Bruria M. Singer, c/o US Suites LLC, 440 West 41st Street, New York, New York 10036". (*See* EXHIBIT B), and served upon Ms. Singer at her residence in New Jersey. The Subpoena was never served upon U.S. Suites LLC, nor has U.S. Suites LLC been given legal notice of these proceedings.

As expressly stated in Ms. Singer's Responses to Requests 1-6 (*see* EXHIBIT D), Ms. Singer simply does not responsive documents in her personal possession:

> "[Ms.] Singer responds that she is not in personal possession, custody or control of documents responsive to [the] Request[s]."

*See* Responses (EXHIBIT D). Even if Ms. Singer had corporate documents of U.S. Suite LLC in her possession responsive to the Subpoena, it would be inappropriate for U-Trend to require her to produce said documents via a subpoena served upon her personally.

It is respectfully submitted that it is beyond the scope of the Subpoena to require Ms. Singer, individually, to produce business records of U.S. Suite LLC. This issue was addressed by the Court in Hajjar-Nejad v. George Wash. Univ., 2012 U.S. Dist. LEXIS 65146, 2012 WL 1655724 (D.D.C. 2012):

> "A subpoena served upon an employee of an organization cannot require that employee to remove his employer's property, such as the documents in its files… The only proper means to secure the documents is by serving the subpoena upon the employing organization itself…"

4

2012 U.S. Dist. LEXIS 65146 at 4.  *See also* Ghawanmeh v. Islamic Saudi Acad., 274 F.R.D. 329, 332-333, 79 Fed.R.Serv.3d (Callaghan) 980 (D.D.C. 2011):

> "Plaintiff's effort to have… employees enter their employer's office and remove the employer's records, hereby engaging in an act of theft, is an attempted abuse of the Court's processes. It is as if an employee of the State Department was issued a subpoena to bring to court the records of the State Department."

274 F.R.D. at 332-333; Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622, 10 Fed.R.Serv.3d (Callaghan) 719 (D. Mass. 1988) (Subpoena Duces Tecum served on employee seeking documents of employer quash as procedurally improper); Boatright v. Radiation Sterilizers, Inc., 592 F. Supp. 1314, 12 OSHC (BNA) 1091 (D. Colo. 1984) (Subpoena Duces Tecum served on employee quashed since employee did not have authority to release employer's business records).

Mr. McLaughlin has previously attempted to distinguish the current matter from the fore stated cases by asserting, without any supporting documents, that U-Trend is a part owner of US Suite LLC.  However, even if U-Trend is a part owner of US Suite LLC, it is a separate legal entity.  The attempt to force Ms. Singer to commit a theft of business records of US Suite LLC is not justified by U-Trend's alleged ownership interest.  U-Trend's attempt to force Ms. Singer, individually, to produce corporate documents of US Suites LLC is especially problematic since US Suites LLC was never served with process in the current matter, and thus has no legal notice of the Subpoena.

Thus, it is respectfully submitted that a protective order is appropriate.  Ms. Singer does not have responsive documents in her possession.  Furthermore, it is improper for U-Trend to try and force Ms. Singer, via subpoena, to commit a theft of records of a party which is not subject to the Subpoena and was never served with notice of either the Ex Parte Order or the Subpoena.

## CONCLUSION

Ms. Singer respectfully requests that the Motion to Quash the Subpoena and for a protective order be granted in its entirety.

Dated: July 10, 2014

By: _____
Marc Jonas Block

JSBARKATS PLLC
*Attorneys for Berko*
18 East 41st Street, 14th Floor
New York, New York 10017
(646) 502-7001